UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ELEANOR VAUGHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 3:20-cv-1000 |
| | ) | |
| | ) | |
| T. J. MAXX COMPANIES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

COMES NOW The TJX Companies, Inc. ("TJX"), and, pursuant to 28 U.S.C. § 1441 and § 1446, files this Notice of Removal to the United States District Court for the Southern District of Illinois.  In support of removal to this Court, TJX states as follows:

1. This civil action was originally filed on or about August 13, 2020, in the Circuit Court of St. Clair County, Illinois, bearing Case Number 2020-L-0610.  Plaintiff Eleanor Vaughan seeks to recover for a fall at a Marshall's store.

2. The present action is a civil action of which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and the action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

3. Plaintiff was, at the time of the commencement of said action, and ever since has been, and still is, a resident and citizen of the State of Illinois.

4. Plaintiff's Complaint is brought against "T. J. Maxx Companies, Inc." The corporation T. J. Maxx Companies, Inc. does not exist.

5. Plaintiff served The TJX Companies, Inc. with the Complaint.

6. The TJX Companies, Inc. is a Delaware corporation with its principal place of business in Massachusetts.

7. Therefore, the action is between parties of diverse citizenship.

8. Plaintiff's Complaint does not plead a specific dollar amount for damages. TJX reasonably believes that the damages sought by plaintiff are in excess of Seventy-Five Thousand Dollars ($75,000) and, therefore, the matter and amount in controversy in said action, exclusive of interest and costs, exceeds the sum or value of Seventy Five Thousand Dollars ($75,000).

9. The District Courts adhere to a policy favoring prompt removal of cases so that a defendant should effect removal when it appears likely from the face of the complaint that the amount in controversy exceeds $75,000, even when the complaint does not explicitly demand a figure exceeding $75,000. *McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Fields v. Jay Henges Enterprises, Inc.*, 2006 WL 1875457, at 3 (S.D. Ill. 2006). This Court, in *Fields*, held:

> The purpose of requiring prompt removal of cases in which federal jurisdiction is apparent on the face of a complaint is to avoid gamesmanship. The "policy and purpose of Congress [is] to effect removals as early as possible and avoid unnecessary delay." *Gilardi v. Atchison, Topeka & Santa Fe Ry. Co.*, 189 F. Supp. 82, 85 (N.D. Ill.1960). Correspondingly, courts should not encourage parties to "hold [ ] back" their "federal cards." *Wilson*, 668 F.2d at 966. "If a [defendant] has good grounds to remove a case to federal court, it cannot experiment in state court before seeking removal." *Gallagher v. Max Madsen Mitsubishi*, No. 90 C 0508, 1990 WL 129611, at *5 (N.D. Ill. Aug. 27, 1990). When a defendant fails to effect timely removal of a case that "[is] removable on the initial pleading, the plain language of ... [28 U.S.C.] § 1446(b) applies," so that "[if] the notice of removal [is] not filed within 30 days of the date [the defendant] was served with the original complaint, the removal [is] untimely." *Id.*

*Fields*, 2006 WL 1875457 at 3; see also *Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 661 (E.D. Tex.2000) (noting that a complaint "can facially state a claim over the jurisdictional amount when there are no numbers in the [complaint] at all,").

10. The extent of the claimed damages are set forth in paragraphs 9 through 14 of Count I, 8 through 13 and 17 through 18 of Count II, and 8 through 13 of Count III. With regard to the amount in controversy, TJX directs the Court to the following facts: (1) the Complaint reflects that plaintiff is seeking in excess of $50,000; (2) plaintiff alleges that she has sustained "severe and permanent injuries to her body," that she seeks recovery for past and future pain and suffering, past and future medical bills, lost income, and disfigurement; (3) plaintiff claims injuries to her head and shoulder, including a full rotator cuff repair, and treatment recommendations include surgery and almost a year of

rehabilitation.  This establishes, by a preponderance of the evidence, that the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

9. The TJX Companies, Inc. was served with Plaintiff's Complaint on September 3, 2020, and The TJX Companies, Inc. files this notice within thirty (30) days, therefore, this Notice of Removal is being timely filed.  See 28 U.S.C. 1446(b)(1).

10. Because complete diversity of citizenship exists between Plaintiff and The TJX Companies, Inc., and the amount in controversy exceeds $75,000, removal to this Court is proper pursuant to 28 U.S.C. 1332 and 28 U.S.C. 1141.

11. The TJX Companies, Inc., simultaneously with the filing of this removal, has given written notice of the filing of this Notice of Removal to Plaintiff, and will file a copy of the Notice of Removal with the Clerk of St. Clair County.

12. All process, pleadings, and Orders that were filed in the state court action are attached to this Notice of Removal as The TJX Companies, Inc.'s Exhibit 1.

WHEREFORE, The TJX Companies, Inc. requests that the above-referenced state court action be removed from the Circuit Court of St. Clair County, Illinois to this Court, and that the Court accept jurisdiction of this case and for such other relief as the Court deems appropriate.

/s/ Denise Baker-Seal
Denise Baker-Seal, #6255589
BROWN & JAMES, P.C.
Attorneys for The TJX Companies, Inc.
Richland Plaza I, 525 W. Main St., Ste. 200
Belleville, Illinois  62220-1547
618/235-5590; 618/235-5591 (Fax)
dseal@bjpc.com; dowens@bjpc.com

**AFFIDAVIT OF SERVICE**

I, the undersigned, on the 30th day of September, 2020 electronically filed this document with the United States District Court, Southern District of Illinois which will send electronic notification to each of the following:

Ellen Ogden Burford
Attorney at law
2005 Johnson Road
Granite City, IL 62040
ellenburfordlaw@gmail.com
*Counsel for Plaintiff*

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

/s/ Denise Baker-Seal

24328226.1