Electronically Filed
Kahalah A. Clay
Circuit Clerk
Nora McDaniel
20L0610
St. Clair County
8/13/2020 8:44 AM
10086891

IN THE CIRCUIT COURT
FOR THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

ELEANOR VAUGHAN )
)
    Plaintiff, )
)
vs. ) Case No. 20L0610
)
T. J. MAXX COMPANIES, INC. )
)
    Defendant. )

## COMPLAINT

### COUNT I

Now comes Plaintiff, Eleanor Vaughan, by and through her undersigned attorney, Ellen Burford of Burford Law Office, and in support of her cause of action against Defendant, TJ Maxx Companies Inc., hereinafter "Marshalls," states as follows:

1. That at all times relevant hereto Plaintiff, was and remains a citizen and resident of Madison County, Illinois.

2. That Marshalls is a Massachusetts Corporation with its registered agent located in Framingham, Massachusetts.

3. That the defendant, TJ Maxx Companies, Inc., was and is an Massachusetts corporation. Defendant does business transactions at 5935 North Illinois Street, Fairview Heights Illinois, 62208. At said location the injuries in question were sustained.

4. That on or about August 18, 2019 Plaintiff was lawfully upon the premises of a Marshalls store located in Fairview Heights, Illinois.

5. That Plaintiff was entering the store as a business invitee.

6. That based upon the above, Defendant owed a duty to Plaintiff, and others similarly situated, to provide a reasonably safe store and walkway surface.

7. That in violation of the aforesaid duty there existed an accumulation of Baby oil like substance/or liquid upon the floor in the walkway for a considerable period of time, which caused Plaintiff to slip, stumble, and fall, resulting in serious and permanent injuries.

8. That in further violation of said duty, Defendant was negligent in one or more of the following ways in that it:

    (a) Failed to maintain the floors of the premises in a safe condition;

    (b) Failed to place a sign or other warning device to alert those lawfully of the wet floor; and

    (c) Failed to provide barricades or otherwise prevent those lawfully on the premises from ambulating across the wet floor when it knew, or in the exercise of reasonable care, should have known of the hazards it posed.

9. That as a direct and proximate result of the aforesaid, Plaintiff sustained severe and permanent injuries to her body when she fell to the floor after losing her footing while walking on the wet floor.

10. That Plaintiff has experienced and shall continue to experience pain and suffering as a result of her injuries.

11. That Plaintiff has incurred medical bills to obtain treatment for her injuries.

12. That Plaintiff's medical bills and treatment may continue into the future.

**Exhibit 1**

13. That Plaintiff has been deprived of income as a result of her injuries with said losses likely to continue into the future.

14. That Plaintiff has been disfigured as a result of her injuries.

WHEREFORE, Plaintiff prays for a judgment in her favor for an amount in excess of $50,000 and for costs of this action.

## COUNT II

### RES IPSA LOQUITOR

Now comes Plaintiff, Eleanor Vaughan, by and through her undersigned attorney, Ellen Burford of Burford Law Office, and in support of her cause of action against Defendant, TJ Maxx Companies Inc., hereinafter "Marshalls," states as follows:

1. That at all times relevant hereto Plaintiff, was and remains a citizen and resident of Madison County, Illinois.

2. That Marshalls is a Massachusetts Corporation with its registered agent located in Framingham, Massachusetts.

3. That the defendant, TJ Maxx Companies, Inc., was and is an Massachusetts corporation. Defendant does business transactions at 5935 North Illinois Street, Fairview Heights Illinois, 62208. At said location the injuries in question were sustained.

4. That on or about August 18, 2019 Plaintiff was lawfully upon the premises of a Marshalls store located in Fairview Heights, Illinois.

5. That Plaintiff was entering the store as a business invitee.

**Exhibit 1**

6. That based upon the above, Defendant owed a duty to Plaintiff, and others similarly situated, to provide a reasonably safe store and walkway surface.

7. That in violation of the aforesaid duty there existed an accumulation of Baby oil like substance/or liquid upon the floor in the walkway for a considerable period of time, which caused Plaintiff to slip, stumble, and fall, resulting in serious and permanent injuries.

8. That in further violation of said duty, Defendant was negligent in one or more of the following ways in that it:

    (a) Failed to maintain the floors of the premises in a safe condition;

    (b) Failed to place a sign or other warning device to alert those lawfully of the wet floor; and

    (c) Failed to provide barricades or otherwise prevent those lawfully on the premises from ambulating across the wet floor when it knew, or in the exercise of reasonable care, should have known of the hazards it posed.

8. That as a direct and proximate result of the aforesaid, Plaintiff sustained severe and permanent injuries to her body when she fell to the floor after losing her footing while walking on the wet floor.

9. That Plaintiff has experienced and shall continue to experience pain and suffering as a result of her injuries.

10. That Plaintiff has incurred medical bills to obtain treatment for her injuries.

11. That Plaintiff's medical bills and treatment may continue into the future.

**Exhibit 1**

12. That Plaintiff has been deprived of income as a result of her injuries with said losses likely to continue into the future.

13. That Plaintiff has been disfigured as a result of her injuries.

14. That this incident would not have occurred absent the negligence of said Defendant, and the incident was the result of the negligence and carelessness of said Defendant.

15. That Plaintiff did not misuse the property in any way.

16. That the dangerous condition was one in which Defendant knew, or should have known, existed.

17. By reason of the premises, Plaintiff then and there sustained severe and permanent injuries and Plaintiff has suffered and will in the future suffer great and physical pain.

18. Further as a result of the injuries so sustained, Plaintiff has been and will in the future be compelled to expend sums of money for medical expenses.

WHEREFORE, Plaintiff prays for a judgment in her favor for an amount in excess of $50,000 and for costs of this action.

## COUNT III

### PREMISE LIABILITY

Now comes Plaintiff, Eleanor Vaughan, by and through her undersigned attorney, Ellen Burford of Burford Law Office, and in support of her cause of action against Defendant, TJ Maxx Companies Inc., hereinafter "Marshalls," states as follows:

**Exhibit 1**

1. That at all times relevant hereto Plaintiff, was and remains a citizen and resident of Madison County, Illinois.

2. That Marshalls is a Massachusetts Corporation with its registered agent located in Framingham, Massachusetts.

3. That the defendant, TJ Maxx Companies, Inc., was and is an Massachusetts corporation. Defendant does business transactions at 5935 North Illinois Street, Fairview Heights Illinois, 62208. At said location the injuries in question were sustained.

4. That on or about August 18, 2019 Plaintiff was lawfully upon the premises of a Marshalls store located in Fairview Heights, Illinois.

5. That Plaintiff was entering the store as a business invitee.

6. That based upon the above, Defendant owed a duty to Plaintiff, and others similarly situated, to provide a reasonably safe store and walkway surface.

7. That in violation of the aforesaid duty there existed an accumulation of Baby oil like substance/or liquid upon the floor in the walkway for a considerable period of time, which caused Plaintiff to slip, stumble, and fall, resulting in serious and permanent injuries.

8. That in further violation of said duty, Defendant was negligent in one or more of the following ways in that it:

    (a) Failed to maintain the floors of the premises in a safe condition;

    (b) Failed to place a sign or other warning device to alert those lawfully of the wet floor; and

**Exhibit 1**

   (c) Failed to provide barricades or otherwise prevent those lawfully on the premises from ambulating across the wet floor when it knew, or in the exercise of reasonable care, should have known of the hazards it posed.

8. That as a direct and proximate result of the aforesaid, Plaintiff sustained severe and permanent injuries to her body when she fell to the floor after losing her footing while walking on the wet floor.

9. That Plaintiff has experienced and shall continue to experience pain and suffering as a result of her injuries.

10. That Plaintiff has incurred medical bills to obtain treatment for her injuries.

11. That Plaintiff's medical bills and treatment may continue into the future.

12. That Plaintiff has been deprived of income as a result of her injuries with said losses likely to continue into the future.

13. That Plaintiff has been disfigured as a result of her injuries.

14. That the aforesaid was in violation of the Illinois Premises Liability Act found at 740 ILCS 130.

WHEREFORE, the Plaintiff prays for a judgment in her favor for an amount in excess of $50,000 and for costs of this action

            Respectfully Submitted,

            BURFORD LAW OFFICE

            By  /s/ Ellen R. Burford
              Ellen R. Burford #06307693

**Exhibit 1**

2005 Johnson Road
Granite City, Illinois 62040
Phone: 618-797-7727
ellenburfordlaw@gmail.com
*Attorney for Plaintiff*

**Exhibit 1**

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Nora McDaniel
20L0610
St. Clair County
8/13/2020 8:44 AM
10086891

IN THE CIRCUIT COURT
FOR THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| ELEANOR VAUGHAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20L0610 |
| | ) |
| T. J. MAXX COMPANIES, INC. | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF CASE VALUE**

I, Ellen Burford, do hereby certify pursuant to the Supreme Court Rules that in my estimation based upon a review of the facts available the value of this action exceeds $50,000.00.

Respectfully Submitted,

BURFORD LAW OFFICE

BY: /s/ Ellen Burford
Ellen R. Burford, #6307693
2005 Johnson Road
Granite City, IL 62040
618-709-7727
ellenburfordlaw@gmail.com
*Attorney for Plaintiff*

**Exhibit 1**

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Nora McDaniel
20L0610
St. Clair County
8/13/2020 8:44 AM
10086891

IN THE CIRCUIT COURT
FOR THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| ELEANOR VAUGHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 20L0610 |
| | ) |
| T. J. MAXX COMPANIES, INC. | ) |
| | ) |
| Defendant. | ) |

### ENTRY OF APPEARANCE

COMES NOW Ellen R. Burford of Burford Law Office and enters her appearance on behalf of Plaintiff, Eleanor Vaughan.

                                            By   /s/ Ellen R. Burford
                                               Ellen R. Burford #06307693
                                               2005 Johnson Road
                                               Granite City, Illinois 62040
                                               Phone: 618-709-7727
                                               ellenburfordlaw@gmail.com
                                               *Attorney for Petitioner*

**Exhibit 1**

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number __20L0610__

Amount Claimed __Excess of $50,000__

| Eleanor Vaughan | The TJ Maxx Companies Inc., |
|---|---|
| | D/B/A Marshalls |
| **Plaintiff(s)** VS | **Defendant(s)** |

Classification Prefix _____ Code _____  Nature of Action _____ Code _____

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

Pltf. Atty. __Ellen R. Burford__ Code _____   NAME __The TJ Maxx Companies Inc.,__
Address __2005 Johnson Road__
City __Granite City, IL 62040__ Phone __709-7727__
Add. Pltf. Atty. _____ Code _____   ADDRESS

**SUMMONS COPY**

To the above named defendant(s)......:

770 Cochituate Road
CITY & STATE __Framingham, MA 01701__

[ ] A. You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20__
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

[✓] B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, __8/13/2020__ 20__

SEAL

BY DEPUTY: __Nora McDaniel__   Clerk of Court

DATE OF SERVICE: _____ 20__
(To be inserted by officer on copy left with defendant or other person)

**Exhibit 1**

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) - (Other service):

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles _____ .$_____ |
| Total ................$_____ |
| |
| Sheriff of _____ County |

_____, Sheriff of _____ County

_____, Deputy

**Exhibit 1**

ST CLAIR COUNTY
TWENTIETH CIRCUIT COURT, KAHALAH A. CLAY

RECEIPT #: C   000564560   DATE: 08-17-2020   TIME: 14:29:48
RECEIVED OF: BURFORD ELLEN R                  MEMO: 10086891-0
PART. ID: 934667
BY CLERK: LR
CHECKS:

| CASH | CREDIT | CHANGE | OTHER |
|---|---|---|---|
| $0.00 | $314.00 | $0.00 | $0.00 |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|---|---|---|---|---|
| 20-L-0610<br>VAUGHAN VS TJ MAXX<br>PARTY: BURFORD ELLEN R | 2518   PMT:SCHEDULE 1 | | | $314.00 |

TOTAL RECEIPT...                $314.00

**Exhibit 1**

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Morgan Ragsdale
20L0610
St. Clair County
9/8/2020 11:52 AM
10365251



*The Commonwealth of Massachusetts*

*Middlesex Sheriff's Office*

## Civil Division
400 Mystic Avenue
3rd Floor
Medford, MA 02155
Phone (617) 547-1171   Fax (617) 868-7244

Peter J. Koutoujian
*SHERIFF*

ELLEN OGDEN BURFORD, ESQ
2005 JOHNSON RD
GRANITE CITY IL 62040

Court Docket #:  20L0610
Amount Due:      $ 0.00
Invoice #:       20007394
Invoice Date:    09/04/2020
Your File #:

Phone: 618-709-7727

PLEASE NOTE: RETURN THIS TOP PORTION WITH YOUR PAYMENT

Payment of this invoice is due upon receipt

**Payment Due Upon Receipt**           Writ: SUMMONS AND COMPLAINT
Please send a copy of this invoice with your remittance
ELEANOR VAUGHAN                                    Invoice #:       20007394
vs.                                                Invoice Date:    09/04/2020
THE TJ MAXX COMPANIES, INC DBA MARSHALLS           Court:           ILLINOIS

Serve:  THE TJ MAXX COMPANIES, INC DBA MARSH   Served by Deputy Sheriff: BEN DONOVAN
        770 COCHITUATE ROAD                    Service Date/Time:   09/03/2020   1:17 pm
        FRAMINGHAM MA 01701                    Method of Service:   In Hand

| Fees | Amount |
|---|---|
| Out of State Service | 100.00 |
| **Total Fees** | **100.00** |

| Payment Date | Receipt # | Check # | Amount |
|---|---|---|---|
| 08/20/2020 | 359197 | 412623 | 100.00 |
| **Total Payments** | | | **100.00** |

Amount Due:    0.00

Page 1 of 1

**Exhibit 1**

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST CLAIR COUNTY, ILLINOIS

INITIAL MANDATORY STATUS CONFERENCE SETTING ASSIGNMENT

| VAUGHAN VS TJ MAXX | |
|---|---|
| | 20-L-0610 |



FILED
ST. CLAIR COUNTY
SEP 2 5 2020
CIRCUIT CLERK

TO:   T J MAXX COMPANIES INC D B A MARSHALLS

Date : 11/9/2020        Time : 9:00 AM        Room : 403

The above-styled case is assigned to: HON. HEINZ RUDOLF.

Counsel familiar with the case and authorized to act is ordered to appear for an Initial Mandatory Status Conference on the above date, time and courtroom pursuant to Local Rule 6.06, and Supreme Court Rule 218.

At the aforesaid conference the following shall be considered:

1. Service upon all of the parties;
2. Whether the case will be jury or no-jury;
3. The nature, issues, and complexity of the case;
4. Simplification of the issues;
5. Amendments and challenges to the pleadings;
6. Admissions of fact and documents;
7. Limitations of discovery, including but not limited to written discovery, depositions, and opinion witnesses;
8. Third parties;
9. Scheduling of settlement conferences;
10. Necessity of subsequent case management conferences;
11. Trial settings.

Office of Chief Judge

L63

**Exhibit 1**

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST CLAIR COUNTY, ILLINOIS

INITIAL MANDATORY STATUS CONFERENCE SETTING ASSIGNMENT

| VAUGHAN VS TJ MAXX | 20-L-0610 |
|---|---|

TO:   A FILE COPY



FILED
ST. CLAIR COUNTY
SEP 25 2020
CIRCUIT CLERK

Date : 11/9/2020          Time : 9:00 AM          Room : 403

The above-styled case is assigned to:  HON. HEINZ RUDOLF.

Counsel familiar with the case and authorized to act is ordered to appear for an Initial Mandatory Status Conference on the above date, time and courtroom pursuant to Local Rule 6.06, and Supreme Court Rule 218.

At the aforesaid conference the following shall be considered:

1. Service upon all of the parties;
2. Whether the case will be jury or no-jury;
3. The nature, issues, and complexity of the case;
4. Simplification of the issues;
5. Amendments and challenges to the pleadings;
6. Admissions of fact and documents;
7. Limitations of discovery, including but not limited to written discovery, depositions, and opinion witnesses;
8. Third parties;
9. Scheduling of settlement conferences;
10. Necessity of subsequent case management conferences;
11. Trial settings.

Office of Chief Judge

L63

**Exhibit 1**