IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELEANOR VAUGHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-CV-1000-MAB |
| | ) |
| TJX COMPANIES, INC. D/B/A MARSHALLS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on a partial motion to dismiss filed by TJX Companies, Inc. d/b/a Marshalls ("Marshalls") (Doc. 22). Specifically, Marshalls seeks dismissal of Count II of the Amended Complaint.[1] Plaintiff Eleanor Vaughan ("Vaughan") filed a response in opposition to the motion dismiss. Marshalls did not file a reply brief. For the reasons outlined below, the partial motion to dismiss is denied.

## The Amended Complaint

On or about August 18, 2019, Vaughan was at a Marshalls store located in Fairview Heights, Illinois.[2] Vaughan was at Marshalls as a business invitee. At some point during

---

[1] There appears to be some confusion whether this incident occurred at T.J. Maxx or Marshalls. The motion to dismiss notes the incident occurred at T.J. Maxx (*See* Doc. 22). Plaintiff's amended complaint, which for the purposes of the instant motion the Court accepts as true, states that the incident occurred at Marshalls in Fairview Heights, Illinois (Doc. 19, ¶ 4). Accordingly, the Court elects to refer to the Defendant in this Order as "Marshalls." The confusion is understandable, given the corporate name of TJX and the fact that both T.J. Maxx and Marshall are stores within the TJX corporate entity. *See,* https://www.tjx.com/stores (last visited March 30, 2021).

[2] The Court accepts as true "all factual allegations in the amended complaint and draw[s] all permissible inferences in [plaintiff's] favor." *W. Bend. Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016) (internal citations and quotations omitted).

her time inside Marshalls, Vaughan slipped and fell as a result of a slippery substance on the floor. Vaughan describes the substance as "an accumulation of baby oil like substance/or liquid" that was on the floor in the walkway for a considerable period of time. Vaughan alleges that at all relevant times, Marshalls was in exclusive possession, management, and control of the store through its employees who were acting in the course and scope of their employment. Vaughan also alleges that Marshalls caused or permitted the baby oil like substance to accumulate on the floor to an extent where it posed an unreasonable risk of injury to Vaughan and other shoppers.

Additionally, Vaughan alleges that her fall was caused by Marshall's negligence in the following ways: (1) Marhsall's permitted the baby oil like substance to accumulate on the floor to an extent where it posed an unreasonable risk of injury; (2) Marshall's failed to make a reasonable inspection of the floor, which would have revealed the existence of the baby oil like substance; (3) failed to warn about the dangerous condition posed by the baby oil like substance; and (4) failed to remove the baby oil like substance from the floor. As a result of Marshall's acts or omissions, Vaughan slipped and fell, and has experienced severe and permanent injuries. She has incurred medical bills as a result of her medical treatment and it appears, based on the allegations, that medical treatment is ongoing (*See, e.g.* Doc. 19, ¶ 13).

Vaughan's amended complaint advances three separate counts. The first count, although not identified as such, sounds in negligence. The second count, which Marshalls seeks to dismiss, is identified as *res ipsa loquitor*. The third count is identified as premises liability.

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) addresses the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss, the court accepts all well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *E.g., Burger v. Cty. of Macon*, 942 F.3d 372, 374 (7th Cir. 2019) (citation omitted). The complaint must contain sufficient factual information "to state a claim to relief that is plausible on its face,'" meaning the court can reasonably infer that the defendant is liable for the alleged misconduct. *Burger*, 942 F.3d at 374 *(quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))*; Camasta*, 761 F.3d at 736 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The complaint need not, however, contain "detailed factual allegations." *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) *(quoting Iqbal, 556 U.S. at 678).*

**Discussion**

Marshalls' partial motion to dismiss seeks the dismissal of Count II of the Amended Complaint, which is Vaughan's count advancing a theory of *res ipsa loquitor*. Marshalls contends that Vaughan has failed to plead sufficient facts to suggest the baby oil like substance/or liquid was within its exclusive control. While Marshalls acknowledges the Amended Complaint alleges that it exclusively controlled the store, Marshalls says that *res ipsa loquitor* requires control over the instrumentality that caused

injury. Vaughan, for her part, contends the amended complaint sufficiently alleges exclusive control and fairly gives Marshalls reasonable notice of the claims against it.

*Res ipsa loquitor* is a "doctrine [that] permits the plaintiff to resort to a particular type of circumstantial evidence as support for the notion that the defendant was negligent." *Smith*, 860 F.3d 998; *Metz v. Cent. Illinois Elec. & Gas Co.*, 207 N.E.2d 305, 307 (1965)("This in essence is the doctrine of res ipsa loquitur, and its purpose is to allow proof of negligence by circumstantial evidence when the direct evidence concerning cause of injury is primarily within the knowledge and control of the defendant.").[3] In other words, *res ipsa loquitor* is an evidentiary doctrine that allows the *inference* of negligence to be drawn from a set of facts.

A "plaintiff seeking to rely on the *res ipsa* doctrine must plead and prove that he or she was injured (1) in an occurrence *532 that ordinarily does not happen in the absence of negligence, (2) by an agency or instrumentality within the defendant's exclusive control." *Heastie v. Roberts*, 877 N.E.2d 1064, 1076 (2007). In *Heastie*, the Illinois Supreme Court provided helpful guidance on the issue the parties are focused on here – the defendant's exclusive control. Specifically, the *Heastie* Court observed that some authorities refer to "management and control" rather than "exclusive control" but ultimately, "the terms have come to be viewed as interchangeable." *Id*. In either term or phrase, the key is that "the requisite control is not a rigid standard, but a flexible one in

---

[3] This case is here in federal district court on diversity jurisdiction (*See* Doc. 1) and in diversity cases, state substantive law applies, which in this case is Illinois. *Surgery Ctr. at 900 N. Michigan Ave., LLC v. Am. Physicians Assurance Corp., Inc.*, 922 F.3d 778, 784 n.3 (7th Cir. 2019) (citations omitted); *Nat'l Am. Ins. Co. v. Artisan & Truckers Cas. Co.*, 796 F.3d 717, 723 (7th Cir. 2015) (citations omitted).

which the key question is whether the probable cause of the plaintiff's injury was one which the defendant was under a duty to the plaintiff to anticipate or guard against." *Id.*; *Smith v. United States*, 860 F.3d 995, 1000 ("However, as the Illinois Supreme Court has recognized, the control criterion of the res ipsa loquitur doctrine is a flexible rather than rigid standard."); *Guzman v. Target Corp.*, No. 18-cv-4508, 2018 WL 5977924, at *2 (N.D. Ill. Nov. 14, 2018) (same).

In looking at the Amended Complaint, Marshalls is correct that Vaughan does not specifically allege that the instrumentality (*i.e.* the baby oil like substance) was within its exclusive control. But on a motion to dismiss, the Court not only accepts the well-pleaded facts as true, the Court draws all reasonable inferences in the plaintiff's favor. *E.g.*, *Burger*, 942 F.3d at 374; *W. Bend. Mut. Ins. Co.*, 844 F.3d at 675. Based on Vaughan's allegations in the Amended Complaint, its reasonable to infer that Marshalls was in control of the instrumentality causing the injury. Marshalls frames the instrumentality as the baby oil like substance whereas Vaughan says the instrumentality is the unmaintained and dangerous condition on the floor. In either scenario though, Vaughan has alleged that Marshall's was in exclusive possession, management, and control of its store through its employees who were acting within the course and scope of their employment (Doc. 19, ¶ 16). Its reasonable to infer, from this allegation, that Marshall's controlled the item that caused the baby oil like substance to be on the floor, the baby oil like substance itself, and the walkways and floors of its store. The benefit of discovery might yield more information as to the nature of the substance and how it got on the floor. But its reasonable to infer that Marshalls controlled it, based on the allegations.

But more importantly, as made clear by the Court in *Heastie*, the key here is whether the probable cause of Vaughan's injury was one which Marshalls was under a duty to anticipate or guard against. 877 N.E.2d at 1076. Here, the Amended Complaint passes this test.  The probable cause of Vaughan's injury was a baby oil like substance on the floor. More generally, this can be described as a dangerous condition on Marshall's floors and walkway. The Amended Complaint makes clear Marshalls had a duty to guard against any baby oil like substance on the floor and maintain a reasonably safe walkway surface (*See* Doc. 19, ¶ 7). The key here is that the requisite control standard is "not a rigid standard, but a flexible one[.]" *Heastie*, 877 N.E.2d at 1076.  This preference for flexibility over rigidity would seem to be especially critical at the pleadings stage when the appropriate inquiry here is whether the facts, as pleaded, and reasonable inferences to be drawn from them state a claim for relief. The Court believes that the allegations in the Amended Complaint pass this test.

## Conclusion

For the foregoing reasons, Marshalls' motion to dismiss Count II of Plaintiff's Amended Complaint (Doc. 22) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 31, 2021**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**